NITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEASHON TARVER; ANDREA LaPIETRA, Power of
Attorney,

                            Petitioners,

     v.                                      9:20-CV-0108
                                              (GTS)
SUPERINTENDENT,

                           Respondent.

_____

APPEARANCES:                           OF COUNSEL:

DEASHON TARVER
Petitioner, pro se
18-A-1582
Downstate Correctional Facility
Box F
Fishkill, NY 12524

GLENN T. SUDDABY
United States Chief District Judge

## DECISION and ORDER

### I.    INTRODUCTION

      Andrea LaPietra, acting as Power of Attorney and "next friend" of Deashon Tarver,

seeks federal habeas relief on Tarver's behalf pursuant to 28 U.S.C. § 2254.  Dkt. No. 1,

Petition ("Pet.").; Dkt. No. 1-1, Supplement ("Supp."); Dkt. No. 1-2, Exhibits ("Ex.").

Petitioners also remitted the statutory filing fee.  Dkt. Entry for Pet. dated 1/31/20 (identifying

receipt information for filing fee transaction).

### II.    PETITION

      The petition is, at best, unclear and difficult to decipher.  The Court cannot determine

which state court action is being challenged as the grounds for relief within the petition deal

with both Tarver's underlying criminal conviction and subsequent parole revocation.[1]  It

appears that petitioner was initially convicted in 2018, in Albany County, pursuant to a guilty

plea, for assault on an officer.[2]  Pet. at 1.[3]  Tarver did not appeal the conviction because he

allegedly did not know he could.  *Id.* at 4.  Tarver then filed a "[s]pecial [p]roceeding [to

r]equest [an e]xtension of [t]ime to [f]ile [the n]otice of [c]laim," and, after a hearing, that

request was denied.  *Id.* at 4.

Tarver also had his parole revoked in December of 2019, presumably due to an

admittedly failed drug test.  Pet. at 35-36; Supp. at 15-31.  It does not appear that Tarver has

attempted to appeal that revocation through any administrative or state court channels.

LaPietra contends, on Tarver's behalf, that he is entitled to federal habeas relief

because (1) his counsel during his underlying criminal actions, both felony and misdemeanor,

were constitutionally ineffective for several reasons, but namely for failing to order a

competency hearing (Pet. at 6-8, 24-34); (2) his Fourteenth Amendment rights were violated

by failing to provide Tarver with a competency hearing given his diagnosis of "schizo-

affective [on] the night of his arrest . . . [and] administr[ation of] psychotropic medications,"

*(id.* at 8-9); and (3) Albany County inappropriately recalculated petitioner's time credits after

---

[1]  The attached argument accompanying the petition alleges that Tarver's "arrest on December 14, 2016 was illegal [because officers searched a third party residence without a warrant] and, therefore, his subsequent charge and sentence was illegal."  Pet. at 18.  LaPietra asserts that Tarver never should have had a parole violation because he never should have been serving his sentence in the first place.  *Id.* at 17-18.

[2]  The petition also indicates that Tarver was charged with midemeanor petit larceny; however, the only sentencing noted was for the felony charge, assault on an officer, to which it is assumed the plea applies.  Pet. at 1.

[3]  Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

petitioner had already been paroled (*id.* at 9; Supp. at 31-41).[4]  For a more complete

statement of petitioner's claims, reference is made to the petition and attached exhibits.

## III.    DISCUSSION

There are several deficiencies with the present petition.  However, before the Court

can delve into the substance presented, it must first determine whether the petition was

properly filed by LaPietra on Tarver's behalf.

Federal law provides that a habeas corpus petition "shall be in writing signed and

verified by the person for whose relief it is intended or by someone acting in his behalf."  28

U.S.C. § 2242.  "When the motion is brought by a person other than the prisoner, that 'next

friend' must demonstrate that he or she has standing to act on the prisoner's behalf."  *Nelson*

*v. Thompson*, No. 1:14-CV-3414, 2014 WL 3882322, at *2 (E.D.N.Y. Aug. 7, 2014).  The

Supreme Court has explained that

> Decisions applying the habeas corpus statute have adhered to at
> least two firmly rooted prerequisites for "next friend" standing. First,
> a "next friend" must provide an adequate explanation—such as
> inaccessibility, mental incompetence, or other disability—why the
> real party in interest cannot appear on his own behalf to prosecute
> the action. . . . Second, the "next friend" must be truly dedicated to
> the best interests of the person on whose behalf he [or she] seeks
> to litigate, . . . and it has been further suggested that a "next friend"
> must have some significant relationship with the real party in
> interest. . . . The burden is on the "next friend" clearly to establish
> the propriety of his [or her] status and thereby justify the jurisdiction
> of the court.

*Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990).  "The requirement that the 'next friend'

act in the prisoner's best interests is critical: because the opportunity to seek habeas corpus

---

[4]  LaPietra did not include the assertions about Tarver's illegal arrest as a ground for relief in the present petition.

3

relief is limited, the 'next friend,' in aiding the prisoner, may also be exhausting the prisoner's rights." *Nelson*, 2014 WL 3882322, at *2.

Here, LaPietra fails to demonstrate that Tarver is incapable of asserting his own rights. LaPietra references several medical conditions, including schizoaffective disorder and post-traumatic stress disorder, but fails to corroborate these diagnoses with anything other than her conclusory statements. Pet. at 34-37; Supp. at 1-3, 10, 15, 20. Moreover, there is no concrete evidence presented that these conditions impact Tarver's ability to advocate for himself. Further, some of the assertions LaPietra advances completely contradict conclusions of incompetency. Supp. at 22 ("[D]espite [Traver's] disability and being on the medication Klonopin that morning, which he said was affecting his decision-making abilities, [Traver] managed to ask the administrative law judge if the offer would still be on the table later. He also remembered to ask for an adjournment or time to think about and . . . discuss the offer[.]"), *Id.* at 22-23 (explaining that after legal consultation, Tarver understood and followed the counsel's advice by asking the judge additional questions about the plea offer presented to him at his final parole revocation hearing).

Given the rigorous standard outlined above and the gravity of the consequences associated with allowing another to assert claims for habeas relief on behalf of an inmate, the Court is not yet satisfied that LaPietra has standing to continue with the presently pending petition. Accordingly, LaPietra will be given thirty (30) days within which to submit an affirmation, not to exceed five pages, along with any relevant documentary proof from appropriate medical sources outside or within the Department of Corrections and Community Supervision demonstrating why Tarver cannot appear on his own behalf and move forward with this action.

4

**WHEREFORE**, it is

**ORDERED** that LaPietra may file an affirmation **within thirty (30) days** of the filing date of this Decision and Order.  The affirmation shall establish why Tarver cannot appear on his own behalf to prosecute the action; the relationship between LaPietra and Tarver; and how LaPietra is truly dedicated to Tarver's best interests.  The affidavit is limited to **five pages**, excluding any attached relevant documentation from medical professionals corroborating petitioner's diagnosis and inability to represent himself; and it is further

**ORDERED** that if LaPietra does not file an affirmation within thirty (30) days of the filing date of this Decision and Order, the Court will **dismiss the petition without prejudice for lack of standing**; and it is further

**ORDERED** that upon the filing of any affirmation, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon LaPietra and Tarver in accordance with the Court's Local Rules of Practice.

Dated: February 6, 2020
     Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge